NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

JERMANE WALKER,

Plaintiff,

v.

BRIDGETON POLICE DEPT,

Defendant.

Civil No. 13-5487 (JBS)

**OPINION**

**APPEARANCES:**

Jermane Walker, *Pro Se*
# 54082
Cumberland County Jail
54 West Broad Street
Bridgeton, NJ 08302

**SIMANDLE, Chief Judge**

Plaintiff, Jermane Walker, confined at the Cumberland County Jail, Bridgeton, New Jersey, submitted a civil Complaint alleging violations of his constitutional rights and an application to proceed *in forma pauperis* ("IFP"). Based on the submissions, the Court will grant Plaintiff's application pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

The Court must now review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as

frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that Plaintiff's Complaint should be dismissed for failure to state a claim.

**BACKGROUND**

Plaintiff's Complaint asserts jurisdiction under 42 U.S.C. § 1983 for a violation of his constitutional rights. The only named Defendant in the action is the Bridgeton Police Department.

Plaintiff states that on August 19, 2013, he was attacked by three men in Bridgeton near the sheriff's station. The men chased Plaintiff to his residence and Plaintiff fought with the men in the presence of witnesses. The police arrived and chased two of the men who escaped, and constrained the third. Plaintiff explained what happened to the police, but according to Plaintiff, the police ignored witness statements and arrested him for robbery. (Complt, ¶ 4). He seeks monetary damages from the Police Department (Complt, ¶ 5).

**DISCUSSION**

**1. Standards for a *Sua Sponte* Dismissal**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in

which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e) and § 1915A because Plaintiff is a prisoner and is proceeding as an indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**2. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**3. <u>City Defendants</u>**

As an initial matter, this Complaint is subject to dismissal because the sole defendant, Bridgeton Police Department, is not a proper defendant. A police department is not a "person" subject to suit under 42 U.S.C. § 1983. *See Draper v. Darby Twp. Police Dep't*, 777 F. Supp.2d 850, 856 (E.D. Pa. 2011); *PBA Local No. 38 v. Woodbridge Police Dep't*, 832 F. Supp. 808, 825–26 (D.N.J. 1993).

This Court declines to construe the claims in the Complaint as against the City of Bridgeton, an entity which is subject to suit under *Monell v. Dep't, of Soc. Serv. of City of New York*, 436 U.S. 658, 688–90 (1978), because the Complaint does not sufficiently plead § 1983 claims against this entity. Specifically, the City cannot be found liable under § 1983 simply because it employs wrongdoers. *See id.* at 691–92; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694.

As this Complaint does not identify a policy or custom, "specify what exactly that custom or policy was," *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009), or assert facts showing a "direct causal link between a municipal policy or custom and the alleged

constitutional deprivation," *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 249 (3d Cir. 2007) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)), it does not plead a claim against the City of Bridgeton under the *Iqbal* standard.

**4. Alternatively, Plaintiff's Complaint Fails to State a Claim.**

The Court construes Plaintiff's facts as asserting a false arrest claim in violation of the Fourth Amendment.

To state a claim for false arrest under the Fourth Amendment, Plaintiff must establish: (1) that there was an arrest and (2) that the arrest was made without probable cause. *See James v. City of Wilkes–Barre*, 700 F.3d 675, 680 (3d Cir. 2012). "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *O'Connor v. City of Philadelphia*, 233 F. App'x 161, 164 (3d Cir. 2007) (citing *Groman v. Township of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995)). "Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (citation omitted). The Fourth Amendment requires an arrest warrant issued by a judicial officer to be supported by probable cause. *See Johnson v. United States*, 333 U.S. 10, 13–14

(1948); *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

However, it is well-established that an officer may conduct a warrantless arrest if the arrest was based on probable cause. *See United States v. Pickford*, 252 F. App'x 440, 443 (3d Cir. 2007) (citing *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004)) ("[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed."); *see also United States v. Brown*, 33 F. App'x 606, 608 (3d Cir. 2002); *United States v. McGlory*, 968 F.2d 309, 342 (3d Cir. 1992) (citing *United States v. Watson*, 423 U.S. 411, 421 (1976) ("Law enforcement authorities do not need a warrant to arrest an individual in a public place so long as they have probable cause to believe that person has committed a felony.")). "Probable cause to support an arrest exists whenever reasonably trustworthy information or circumstances within an arresting officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been or is being committed by the person being arrested." *United States v. Laville*, 480 F.3d 187, 194 (3d Cir. 2007) (citing *Draper v. United States*, 358 U.S. 307, 313 (1959); *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002)).

In this case, Plaintiff asserts that the police arrived at the scene where he was actively involved in a fight, and that two people

attempted escape, and the person with whom Plaintiff was fighting was "abducted." Thus, from the facts as pled, the police had probable cause to arrest Plaintiff as they had "reasonable trustworthy information" to warrant the conclusion that a crime was being committed by Plaintiff. At the very least, Plaintiff admittedly was involved in a physical alteration, an assault.

Accordingly, this Court will dismiss the complaint, without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## CONCLUSION

For the reasons stated above, Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted. The dismissal is without prejudice to Plaintiff filing a motion to reopen and attaching an amended complaint to address the deficiencies set forth in this Opinion.

An appropriate Order follows.

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE, Chief Judge
United States District Court

Dated: **June 6, 2014**